FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA
2014 MAY 27 PM 3:21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | Click and Enter Case No. |
| GOMEZ, INC., | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Steven A. Russell, Assistant United States Attorney, and defendant, Gomez, Inc., by and through Irma Crispin Gomez, and officer of said Corporation, and James Martin Davis, counsel for defendant, as follows:

## I

## THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to waive Indictment and plead guilty to an Information. Count I charges a violation of Title 31, United States Code, Section 5324 and Title 31, C.F.R. Section 103.11(gg). Defendant further admits the forfeiture allegation(s) as set forth in the Information.

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.  Once all monetary obligations made pursuant to this plea agreement are paid, the United States will move to dismiss all Counts set forth in the Indictment in the case captioned, United States v. Irma Crispin-Gomez, Case No. 4:13CR3003, filed in the United States District Court for the District of Nebraska.

## II

1

## NATURE OF THE OFFENSE

A. <u>ELEMENTS EXPLAINED</u>.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. That the defendant knowingly structured a currency transaction.

2. That the defendant knew of the domestic financial institution's legal obligation to report transactions in excess of $10,000.

3. That the purpose of the structured transactions was to evade that reporting requirement.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

Gomez, Inc. is a corporation duly existing and authorized to conduct business in the State of Nebraska. Irma Crispin-Gomez is one of the owners of Gomez, Inc., doing business as 4th Street Auto Sales, located in Grand Island, Nebraska. Between January 5, 2009 and March 30, 2012, representatives of Gomez, Inc. deposited and directed currency deposits in bank accounts of Gomez, Inc., at Five Points Banks, a financial institution as defined by federal law, and in bank accounts of Anibal Gomez and Irma Crispin-Gomez at Wells Fargo Bank, a financial institution as defined by federal law. Gomez, Inc. and its officers were aware of the financial institution's legal obligation to report currency transactions in excess of $10,000. During the period set forth in the ~~Indictment~~ Information, Gomez, Inc., through its officers, intentionally structured and caused to be structured currency deposits with Five Points Bank and Wells Fargo Bank in amounts under $10,000, in order to evade the reporting requirements under federal law. During the period in question, ~~Evans~~ Gomez, Inc. structured and caused to be structured currency transactions totaling between $1,000,000 and $2,082,338.), including $10, 361.70 in United States currency seized by the United States from a bank account controlled by Gomez, Inc. at Five Points Bank during this investigation.

2

## III
## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum $500,000 fine;

2. A mandatory special assessment of $100 per count; and

3. A term of probation of not less than one year and not more than five years.. Defendant understands that failure to comply with any of the conditions of probation may result in revocation of probation.

4. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of probation for a term of 5 years and be ordered to pay a fine of $50,000, due and payable prior to sentencing. This agreement is based on the defendant's role in the offense, criminal history, and acceptance of responsibility. All other conditions of probation, including but not limited to community service, will be at the discretion of the Court. Defendant understands that it must pay all financial obligations under this plea agreement prior to the sentencing date established by the Court at the time of the plea of guilty, subject to any agreed to extensions of the sentencing date agreed to by both of the parties. Failure to pay the financial obligations set forth in this agreement prior to the sentencing date will render this agreement void and will allow the United States to continue its prosecution in the case captioned

3

United States v. Irma Crispin-Gomez, Case No. 4:13CR3003, filed in the United States District Court for the District of Nebraska.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XI

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_5-27-14_
Date

_/s/ Steven A. Russell_
STEVEN A. RUSSELL
ASSISTANT U.S. ATTORNEY

_4-10-14_
Date

_X Gomez Inc_
GOMEZ, INC.,
DEFENDANT
By: IRMA CRISPIN GOMEZ, an officer of Gomez, Inc.

_4-10-14_
Date

_/s/ James Martin Davis_
JAMES MARTIN DAVIS
COUNSEL FOR DEFENDANT